### John Harris v. The State.

No. 1833.          Decided October 16, 1912.

Rehearing denied November 13, 1912.

**1.—Robbery—Impeaching Testimony.**

Impeaching testimony is not of sufficient probative force upon which to base a verdict, and under such a state of facts, an affirmative charge is not necessary. Following Dunagin v. State, 38 Texas Crim. Rep., 614.

**2.—Same—Other Transactions.**

Where, upon trial of robbery, the defendant, on cross-examination, elicited the fact that the witness claimed defendant had also robbed him at another time and place, in order to prove contradictory statements in regard to this latter transaction, there was no error in the court's failure to limit the purposes for which this testimony was admitted, the court limiting the offense to the one charged in the indictment.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Howard. Tried below before the Hon. J. L. Shepherd.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Goodson & Goodson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This is the second appeal in this case, the opinion in the case on the former appeal being found in 55 Texas Crim. Rep., 469. The facts there are so fully stated we do not deem it necessary to again state them. On this trial appellant was found guilty again of robbery and his punishment assessed at five years confinement in the State penitentiary.

On this trial the State introduced testimony alone as to the taking of the twelve dollars from Mr. Burleson at the home of defendant. On cross-examination the defendant developed the facts in regard to the alleged taking of the $100 and showed contradictory statements of the prosecuting witness. On this impeaching testimony defendant claims the court should have affirmatively submitted the defense suggested thereby. No witness testifies to any fact showing a rightful or innocent taking of the money. The only way the issue is sought to be raised is by proving contradictory statements of the State's witness. This would only go to the truthfulness or weight to be given the testimony of the witness Burleson and would raise no affirmative issue. This court has frequently held that impeaching testimony is not of sufficient probative force alone upon which to base a verdict (Dunagain v. State, 38 Texas Crim. Rep., 614) and under such a state of facts an affirmative charge is not necessary.

As hereinbefore stated, the defendant on cross-examination of Burleson elicited the fact that the witness claimed defendant had also robbed him of $100 at another time and place. This apparently was done in order to prove contradictory statements in regard to this latter transaction, and by facts and circumstances show that such second taking was claimed to have been done in an unreasonable mode and

manner, and thus discredit the witness' testimony in regard to the taking of the twelve dollars. Appellant requested no special instructions in regard to this testimony adduced by him, but in the motion for new trial complains that the court erred in failing to limit the purposes for which it was admitted. If under the charge as given it was possible for the jury to have been misled and perhaps convicted the defendant of this latter offense, his contention would be sound. The court, however, in his charge limited the jury to considering the taking of the twelve dollars alone, consequently the failure of the court to instruct as to the purposes for which the defendant elicited the testimony in regard to the matter thus introduced would not present reversible error.

There are no bills of exception in the record, and the only other ground in the motion alleges that the testimony is insufficient to sustain the conviction. If the jury gave credence, as they evidently did, to the testimony of Mr. Burleson in regard to the taking of the twelve dollars, it fully supports the verdict. As hereinbefore stated, the facts are stated in the former opinion in this case, and in regard to the taking of this twelve dollars the testimony is substantially the same.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 13, 1912.—Reporter.]